## STATE v. RICHARDSON.

No. 6807.   Decided December 3, 1945.   (164 P. 2d 200.)

See 52 C. J., Rape, sec. 131; 44 Am. Jur., 965.

*Grover A. Giles,* Atty. Gen., and *W. S. Wagstaff,* Deputy Atty. Gen., for respondent.

*Glen S. Hatch,* of Heber, and *J. Louis Brown,* of Salt Lake City, for appellant.

WOLFE, Justice.

Appeal from a conviction of the crime of assault with intent to commit rape.

The salient facts are: The prosecutrix, twenty-one years of age, was driven on the evening of April 11, 1944, by friends from Fort Duchesne, Uintah County, Utah, to Vernal, Utah, where she expected to stay for the night with her sister-in-law. While she was waiting in the car parked at the Cobble Rock Service Station on the south side of Main Street, one of her escorts, Willis Newmeyer, who had accompanied her in the car from Fort Duchesne to Vernal and who at Vernal had left her to go to the Brown Derby beer hall, returned to the car with the defendant and another man. She had never seen defendant before that

night and according to her testimony was not then introduced to him. After talking with Willis for a few minutes by the car, the defendant left. Later prosecutrix left the car because of the commotion around the Brown Derby where Willis had later driven it. Her brother lived near Fifth West Street but in order to avoid the commotion she walked in the opposite direction east on Main Street to First East Street and then turned north on that street. She testified that after she turned north she heard someone running after her whom she later identified as the defendant. He asked her to go home with him (on cross-examination she said he asked to take her home). She says she refused but he continued to walk beside her and attempted several times to put his arm around her. When prosecutrix and defendant reached a point about 100 feet west of First West on First North, she testified the defendant put his arm around her neck, threw her violently to the ground, placed his hand over her mouth and stated that he intended to have sexual intercourse with her. She further testified that he tried to raise her dress and that they scuffled on the ground until a man who turned out to be one Irvin Eaton approached near them as he proceeded west on First North; that she bit the fingers of the defendant which were in her mouth and upon his withdrawing his hand she yelled to Mr. Eaton; that defendant released her and she got up and ran toward Mr. Eaton who came to meet her; that the three of them walked down First West Street toward the middle of the block. Upon inquiry, Eaton told them that he was taking them to the City Hall whereupon defendant broke and ran away. Prosecutrix told Eaton that she did not want any publicity out of the event so he accompanied her to her brother's house, when she told her sister-in-law about the episode. Through a neighbor word of it got to the police officers who came to her brother's house and after hearing her story, took her down to the city jail to identify a fellow that they had previously picked up for drunkennes. She identified defendant as her assailant. Eaton sometime afterwards identified defendant as the man who was with prose-

cutrix when she yelled and who had walked down the street with her before running away. Eaton had, before he picked out the defendant as such man, been informed that the man arrested was Carl Richardson, and when he identified him he was with his father George Richardson, whom witness Eaton knew.

The defendant denied that he was the man who accosted prosecutrix or that he assaulted her but gave evidence of an alibi.

The defendant contended: (1) That there was not sufficient evidence to enable the jury to find that there was an assault unless it did so in the face of a necessarily entertained reasonable doubt. (2) That there was not sufficient evidence of identification of the defendant as the assailant.

A mere statement of the testimony, without expletives of any kind, demonstrates that there was a conflict of testimony which was for the jury. If the jury believed the testimony of the prosecutrix, which evidently it did, it would well support a verdict under the principles laid down in the rcent case of *State* v. *Whitinghill*, 109 Utah 48, 163, P. 2d 342. The testimony shows that both Eaton and prosecutrix had ample time and opportunity to identify defendant. She had seen him at the car before the service station and on her walk to her brother's house and after the assault while walking with Eaton partly within the visibility of street lights. Eaton during that walk had ample opportunity and facilities for getting a good look at the defendant. It was for the jury to say whether his identity rested on observation or prompting. And it was for the jury to say whether it believed the theory advanced by defendant that prosecutrix had consented to intercourse with a man other than defendant and upon approach of Eaton, to protect herself had cried out and claimed assault. And there is abundant evidence that defendant, if the jury believed he was the assailant, which it did, intended to overcome any resistance proffered by the prosecutrix and have intercourse. The intent was abundantly proved .

The judgment is affirmed.

McDONOUGH, TURNER, and WADE, JJ., concur.

LARSON, Chief Justice.

I concur in affirming the judgment. There is evidence to sustain the verdict. But I do not concur in the expletives used to describe the evidence.